JEFFREY A. KRIEGER (SBN 156535)
JKrieger@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:    310-553-3610
Facsimile:    310-553-0687

THOMAS D. WALKER *(Pending Order on Pro Hac Vice Application)*
TWalker@WalkerLawPC.com
WALKER & ASSOCIATES, P.C.
500 Marquette NW, Suite 650
Albuquerque, New Mexico  87102
Telephone:    505 766-9272

Attorneys for Lessor Larry Gutierrez

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES

| | |
|---|---|
| In re:<br><br>☐ ITTELLA INTERNATIONAL LLC,<br>a California limited liability company<br>☐ ITTELLA'S CHEF, LLC,<br>a California limited liability company<br>☐ TATTOOED CHEF, INC.,<br>a Delaware corporation<br>☐ MYJOJO, INC.,<br>a Delaware corporation<br>☐ NEW MEXICO FOOD DISTRIBUTORS, INC.,<br>a New Mexico corporation<br>☐ KARSTEN TORTILLA FACTORY, LLC,<br>a New Mexico limited liability company<br>☐ BCI ACQUISITION, INC.,<br>a Delaware corporation<br>☐ TTCF-NM HOLDINGS INC.,<br>a New Mexico corporation<br>☒ All Debtors<br><br>    Debtors and Debtors-in-Possession. | Lead Case No.: 2:23-bk-14154-SK<br><br>Jointly Administered with Case Nos.:<br>2:23-bk-14159-SK; 2:23-bk-14161-SK;<br>2:23-bk-14157-SK; 2:23-bk-14158-SK;<br>2:23-bk-14155-SK; 2:23-bk-14156-SK;<br>and 2:23-bk-14160-SK<br><br>Chapter 11 Cases<br><br>**LESSOR LARRY GUTIERREZ'S LIMITED OBJECTION TO DEBTORS' NOTICE OF MOTION AND MOTION TO: (1) APPROVE AUCTION(S) AND BID PROCEDURES FOR THE SALE OF EQUITY AND/OR ASSETS AND (2) SET SCHEDULING FOR A MOTION TO APPROVE THE SALE OF EQUITY AND/OR ASSETS**<br><br>*[Declaration of Robb Haltom filed concurrently herewith]*<br><br><u>Hearing</u><br>Date:    August 16, 2023<br>Time:    9:00 a.m.<br>Location:  Courtroom 1575<br>           255 East Temple Street<br>           Los Angeles, CA  90012 |

33242-00002/4896861.2

LESSOR'S LARRY GUTIERREZ'S LIMITED
OBJECTION TO BIDDING PROCEDURES MOTION

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY COURT JUDGE, THE UNITED STATES TRUSTEE AND ALL PARTIES-IN-INTEREST HEREIN:** Lessor Larry Gutierrez, by counsel, hereby submits his limited objection to the *Debtors' Notice of Motion and Motion to: (1) Approve Auction(s) and Bid Procedures for the Sale of Equity and/or Assets and (2) Set Scheduling for a Motion to Approve the Sale of Equity and/or Assets; Memorandum of Points and Authorities and Declarations in Support Thereof* (the "Motion") filed by the Debtors on August 1, 2023 as Doc. No. 174 and states as follows:

## I.    FACTUAL BACKGROUND

1.    Lessor Larry Gutierrez ("Landlord") was the lessor and Debtor New Mexico Food Distributors, Inc. (the "Debtor") was the lessee under a lease agreement dated May 21, 2021 (the "Lease") for the real property located at 3041 University Blvd. SE, Albuquerque, Bernalillo County, New Mexico 87106 (the "Premises") as more fully described in the Lease. The Lease was terminated prepetition. A true and correct copy of the Lease is attached to the concurrently filed Declaration of Robb Haltom (the "Decl. of Haltom") as Exhibit B.

2.    The Lease is subject to and subordinate to the Second Amended and Restated Lease Agreement dated as of May 1, 2013 (the "IRB Lease") between Bernalillo County, New Mexico, a New Mexico political subdivision (the "County") and NMFD. A true and correct copy of the IRB Lease is attached to the Decl. of Haltom as Exhibit C.

3.    Section XXVIII of the Lease provides that the Lease shall be governed by and construed in accordance with the laws of the State of New Mexico. *See* Lease, Section XXVIII.

4.    Prepetition, the Debtor breached the Lease in several material ways. First, the Debtor paid the rent for March 2023 late and failed to pay late fees as required by Section III.D. of the Lease. Second, the Debtor failed to pay property taxes as required by Section III.C. of the Lease. A true and correct copy of the outstanding taxes owed is attached to the Decl. of Haltom as Exhibit E. Third, the Debtor failed to make payments in lieu of taxes ("PILT") as required by Section 5.10 of the IRB Lease.  Fourth, the Debtor failed to submit reports to the County as required by Sections 4.17 and 4.18 of the IRB Lease.

/ / /

5. Section XVIII of the Lease states in pertinent part:

Lessee, for and in consideration of this Lease and the demise of the said Premises by Lessor to Lessee, hereby agrees and covenants that it is expressly understood and agreed between the parties hereto, that **upon the occurrence of any event of default or breach of this Lease which is not cured within (a) fifteen (15) days after receipt of written notice with respect to a monetary default** or (b) for any nonmonetary default, thirty (30) days after Lessee's receipt of written notice thereof (provided that if such breach or default is not capable of cure within such thirty (30) day period, Lessee shall have such additional time as may be necessary to effect a cure provided that Lessee commences to cure within such thirty (30) day period and thereafter diligently prosecutes the same to completion), **and at any time thereafter, it shall and may be lawful for the Lessor, at Lessor's election, to declare said term ended and to re-enter the said Premises, or any part thereof, either with or without process of law, and to expel, remove, and put out the Lessee or any other person or persons occupying the Demised Premises, using such force as may be necessary in so doing, and to repossess and enjoy the same Premises again as in its first and former state**, and to distrain for any rent that may be due thereon any property belonging to Lessee, whether or not the same be exempt from execution and distress by law, and Lessee in that case hereby waives any and all legal rights which Lessee, now has or may have, to hold or retain any such property under any exemption laws now or thereafter in force in the Stale of New Mexico, or in any other way.

*See* Lease, Section XVIII (emphasis supplied).

6. Section 4.17 of the IRB Lease required Debtor to report on employment at the Project on or before January 31 of each calendar year. Debtor has failed to submit the employment report for 2022. Section 4.18 required Debtor to furnish an Annual Certificate on or before January 31 of each year stating that the Debtor is in compliance with all of the terms, provisions and conditions of the IRB Lease. Debtor has failed to submit the certificate for 2022. Debtor's defaults under the IRB Lease jeopardize the tax abatements under the IRB and expose the Lessor to significant financial risk. Upon information and belief, the Debtor failed also to provide financial reporting required under Section 4.21 of the IRB Lease. *See* IRB Lease, attached as Exhibit B, pp. 12, 13, and 17.

7. The Debtor's failure to pay the late fees, PILT, and property taxes as required by the Lease constituted monetary defaults under the Lease.

8. The Landlord gave the Debtor notice of the defaults under the Lease on multiple occasions, including March 14, March 16, March 22, March 23, and April 5, 2023. True and correct copies of the notices to Debtor are attached to the Decl. of Haltom as Exhibit D.

9. The Debtor failed to cure the defaults, and on May 4, 2023 the Landlord terminated the Lease pursuant to Section XVIII of the Lease and sent the Debtor a notice of termination (the "Notice of Termination"). A true and correct copy of the Notice of Termination is attached to the Decl. of Haltom as Exhibit A.

## II. ARGUMENT

### A. The Lease Cannot be Sold by the Debtor Because it is Not Property of the Estate

10. The Motion proposes selling various assets, including the Lease, pursuant to 11 U.S.C. § 363(b). *See* Motion, pp. 29-30 and Exhibit B. However, the Lease is not property of the Estate, and cannot be sold or transferred by the Debtor.

11. 11 U.S.C. § 363(b)(1) provides that, after notice and a hearing, the bankruptcy court may authorize a trustee or debtor in possession to sell property of the estate outside the ordinary course of business. 11 U.S.C. § 363(b)(1).

12. "The ability to sell property, however, is generally limited to property of the estate. With one relevant exception[1], the bankruptcy court lacks authority under either § 363(b) or (f) to approve a sale of property that is not property of the estate." *In re Groves*, 652 B.R. 104, 114–15 (B.A.P. 9th Cir. 2023). *See also In re Popp*, 323 B.R. 260, 266 (B.A.P. 9th Cir. 2005) (stating that § 363(b) requires that the estate demonstrate that the property it proposes to sell is "property of the estate").

13. 11 U.S.C. § 541(b)(2) states that "property of the estate does not include…(2) any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title…" 11 U.S.C. § 541(b)(2).

---

[1] The exception referred to by the *Groves* court is the ability of the trustee to sell a co-owner's interest in property along with the debtor's interest pursuant to 11 U.S.C. § 363(h). That exception does not apply here.

14. The phrase "terminated at the expiration of the stated term," as used in section 541(b)(2) includes not only temporal expirations but terminations that occur under the terms of the lease. *In re Southcoast Exp., Inc.*, 337 B.R. 739, 743 (Bankr. D. Mass. 2006). *See also In re Pol'y Realty Corp.*, 213 F.3d 626 (2d Cir. 2000) (holding that because the ground lease in question was properly terminated under New York law, the debtor no longer had any property interest in the property).

15. Bankruptcy courts look to the applicable state laws to determine whether a lease was properly terminated prepetition. *See In re Pol'y Realty Corp.*, 213 F.3d 626 (2d Cir. 2000), *citing Butner v. United States*, 440 U.S. 48, 54 (1979) ("It is axiomatic that the federal courts sitting in bankruptcy look to state law to determine the property rights in the assets of a bankrupt's estate").

16. In New Mexico, real estate leases are treated like any other written contract, and are enforced by courts according to the terms of the document. *See, e.g. Waxler v. Humble Oil & Refining Co.*, 82 N.M. 8 (1970) 474 P.2d 494, 1970 -NMSC- 115, ¶ 13, 17 (stating that "[r]eal estate leases, like any other written contracts, must be interpreted as a whole to effectuate the intention of the parties, with meaning and significance given to each part in context of the entire agreement" and holding that the terms of the lease permitted the defendant to terminate it.).

17. The parties to the Lease agreed that the Lease would be governed by and in accordance with New Mexico law. Therefore, the Lease was effectively terminated by the Landlord on May 4, 2023.

18. The Lease was terminated prepetition, and therefore is not property of the Estate. Thus, it cannot be sold by the Debtor under 11 U.S.C. § 363.

19. The Motion must therefore be amended to exclude the Lease from the Debtor's list of assets to be sold. Any order approving the Motion must exclude the Lease from assets that may be sold by the Debtor.

/ / /

/ / /

/ / /

/ / /

**B.     The Lease Cannot be Assumed or Assigned Because it Was Terminated Prepetition**

20.     11 U.S.C. § 365(a) states that "[e]xcept as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

21.     "Bankruptcy law makes no distinction between the words "terminated" and "expired" with respect to leases." *In re Boll Weevil, Inc.*, 202 B.R. 762, 764 (Bankr. S.D. Cal. 1996).

22.     "[T]he trustee may not assume or assign any executory contract or unexpired lease of the debtor if such lease is of nonresidential real property and has been terminated under applicable nonbankruptcy law prior to the order for relief. The phrase 'applicable nonbankruptcy law' means applicable state law.' Simply put, if a lease of nonresidential real property has been terminated under state law before the filing of a bankruptcy petition, there is nothing left for the trustee to assume." *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1469 (9th Cir. 1988) (internal citations omitted).

23.     As set forth above, the Lease was terminated under its terms and pursuant to New Mexico law by Landlord on May 4, 2023, well before the Petition Date. Therefore, the Lease may not be assumed or assigned by the Debtor.

24.     Because the Lease may not be assumed or assigned by the Debtor, it cannot be sold, and must be excluded from the Motion and from any order granting the Motion in full or in part.

/ / /

/ / /

/ / /

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

WHEREFORE, Larry Gutierrez respectfully requests that the Court enter an order: (1) holding that the Lease was terminated prepetition under New Mexico law; (2) finding that the Lease is not property of the Estate; (3) holding that the Lease may not be assumed, assigned, or sold by the Debtor; (4) directing Debtor to remove the Lease from any list or schedule of assets to be sold pursuant to the Motion; and (5) granting Larry Gutierrez all other just and proper relief.

DATED: August 7, 2023

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP


By: */s/ Jeffrey A. Krieger*
    JEFFREY A. KRIEGER


WALKER & ASSOCIATES, P.C.

By: [signature]
    THOMAS D. WALKER
    *Pending Order on Pro Hac Vice Application*

Attorneys for Lessor Larry Gutierrez