1  MICHAEL JAY BERGER (State Bar # 100291)
   LAW OFFICES OF MICHAEL JAY BERGER
2  9454 Wilshire Blvd. 6th Floor
   Beverly Hills, CA 90212-2929
3  Telephone:   (310) 271-6223
   Facsimile:    (310) 271-9805
4  michael.berger@bankruptcypower.com

5  Counsel for Creditor
   Amafruits LLC
6

7              UNITED STATES BANKRUPTCY COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                 LOS ANGELES DIVISION

10 | In re:                              )  Lead Case No.: 2:23-bk-14154-SK
   |                                     )
11 | ☒ ITTELLA INTERNATIONAL, LLC, a     )  Jointly administered with Case Nos.
   | California limited liability company, )  2:23-bk-14159-SK; 2:23-bk-14161-SK;
12 | ☐ ITTELLA'S CHEF, LLC, a California  )  2:23-bk-14157-SK; 2:23-bk-14158-SK;
   | limited liability company,          )  2:23-bk-14155-SK; 2:23-bk-14156-SK;
13 | ☐ TATTOOED CHEF, INC., a Delaware    )  and 2:23-bk-14160-SK
   | corporation,                        )
14 | ☐ MYJOJO, INC., a Delaware corporation )  Chapter 11 Cases
15 | ☐ NEW MEXICO FOOD                    )
   | DISTRIBUTORS,                        )  **CREDITOR AMAFRUITS, LLC'S**
16 | INC., a New Mexico corporation       )  **PRELIMINARY OBJECTION TO**
   | ☐ KARSTEN TORTILLA FACTORY,          )  **NOTICE OF INTENDED (1)**
17 | LLC,                                 )  **ORDINARY COURSE SALE OF**
   | a New Mexico limited liability company, )  **ORGANIC ACAI TO PETRUZ**
18 | ☐ BCI ACQUISITION, INC., a Delaware  )  **FRUITY LLC AND (2)**
   | corporation,                        )  **DISTRIBUTION OF SALE**
19 | ☐ TTCF-NM HOLDINGS INC., a New       )  **PROCEEDS AND REQUEST FOR**
   | Mexico corporation                   )  **HEARING; DECLARATION OF**
20 | ☐ All Debtors,                       )  **BRANDON HOVEY AND MARSHALL**
   |                                     )  **SNARR IN SUPPORT THEREOF**
21 |                                     )
   |        Debtors and Debtors-in-Possession. )  [Hearing Requested Pursuant to LBR
22 |                                     )  9013-1(o)(4)]
   |                                     )
23 |                                     )
   |                                     )
24 |                                     )
   |                                     )
25 |_____)

26 ///

27 ///

28 ///

CREDITOR AMAFRUITS, LLC'S PRELIMINARY OBJECTION TO NOTICE OF INTENDED (1) ORDINARY
COURSE SALE OF ORGANIC ACAI TO PETRUZ FRUITY LLC AND (2) DISTRIBUTION OF SALE
PROCEEDS AND REQUEST FOR HEARING; DECLARATION OF BRANDON HOVEY AND MARSHALL
SNARR IN SUPPORT THEREOF

**TO THE HONORABLE SANDRA R. KLEIN, JUDGE OF THE UNITED STATES BANKRUPTCY COURT; DEBTOR ITTELLA INTERNATIONAL, LLC; TO THE UNITED STATES TRUSTEE; AND TO ALL INTERESTED PARTIES:**

Creditor Amafruits, LLC (the "Amafruits") respectfully submits its Objection to Debtor Ittella International, LLC's ( "Ittella") Notice of Intended (1) Ordinary Course Sale of Organic Acai to Petruz Fruity LLC and (2) Distribution of Sale Proceeds (the "Notice of Sale of Bulk Acai") and request for hearing, as follows:

## I.    INTRODUCTION

Amafruits objects to Ittella's Notice of Sale of Bulk Acai on the basis that:

1. Ittella's proposed sale of approximately 1,074 million kilograms (*i.e.*, approximately 2.367 million pounds) of organic acai (the "Bulk Acai") for a total purchase price of approximately $2,609,372 is not in the ordinary course of Ittella's business. Ittella should be required to file a noticed motion approving the sale of the Acai, pursuant to 11 U.S.C. 363(b), subject to overbid, so that the estate can maximize the value of the Acai for the benefit of the estate.

2. Amafruits and Marshall Snarr Consulting LLC dba Makai Fruits ("Makai Fruits") seek to make an offer to purchase the Bulk Acai for a better price and on better terms for the Bulk Acai.

Wherefore, Amafruits asks: (1) for the Notice of Sale of Bulk Acai to be set for hearing pursuant to Local Bankruptcy Rule 9013-1(o)(4), for the Court to make a determination as to whether the sale of Bulk Acai is in the ordinary course of business; and (2) for Ittella and the Court to consider the Amafruit/Makai Fruits's offer to purchase the Bulk Acai, which will generate more proceeds for the benefit of the estate.

///

CREDITOR AMAFRUITS, LLC'S PRELIMINARY OBJECTION TO NOTICE OF INTENDED (1) ORDINARY COURSE SALE OF ORGANIC ACAI TO PETRUZ FRUITY LLC AND (2) DISTRIBUTION OF SALE PROCEEDS AND REQUEST FOR HEARING; DECLARATION OF BRANDON HOVEY AND MARSHALL SNARR IN SUPPORT THEREOF

## II.    **SUMMARY OF FACTS**

On or about July 2, 2023, Ittella International LLC ("Ittella"), Ittella's Chef, LLC ("ICLLC"), Tattooed Chef, Inc. ("TCI"), Myjojo, Inc. ("Myjojo"), New Mexico Food Distributors, Inc. ("NMFD"), Karsten Tortilla Factory, LLC ("Karsten"), BCI Acquisition, Inc. ("BCI"), and TTCF-NM Holdings Inc. ("TTCF, and, together with Ittella, ICLLC, TCI, Myjojo, NMFD, Karsten, and BCI, the "Debtors"), the Chapter 11 debtors and debtors in possession in the above-captioned, jointly administered, Chapter 11 bankruptcy cases, each filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

As disclosed by the Debtors, "TCI is a publicly held company (NASDAQ: TTCF) offering a broad portfolio of innovative plant-based frozen foods through the other Debtors, all of which are direct or indirect subsidiaries of TCI. Beginning in 2017, the Debtors have supplied plant-based products to leading retailers in the United States, with signature products such as ready-to-cook bowls, zucchini spirals, riced cauliflower, acai and smoothie bowls, cauliflower crust pizza, wood fire crusted pizza, handheld burritos, bars and quesadillas. The Debtors' products are available in all 50 states both in private label and through their "Tattooed Chef™" brand mainly in the frozen food section of retail food stores." (See Application of Debtors and Debtors in Possession to Employ Levene, Neale, Bender, Yoo & Golubchik L.L.P. as Bankruptcy Counsel, Docket no.: 55, Page 2, Lines 14-21).

On September 7, 2023, Ittella filed its Notice of Intended (1) Ordinary Course Sale of Organic Acai to Petruz Fruity LLC and (2) Distribution of Sale Proceeds (the "Notice of Sale of Bulk Acai") seeking to sell approximately 1,074 million kilograms (i.e., approximately 2.367 million pounds) of organic acai (the "Bulk Acai") for $2.43 per kilogram in the ordinary course of business to Petruz Fruity LLC (the "Petruz") for a total purchase price of approximately $2,609,372 [docket no.: 364].

3

## III.    CREDITOR'S OPPOSITION TO DEBTOR'S NOTICE OF SALE OF ACAI

1.  Debtor's Sale of the Bulk Acai is Not in the Ordinary Course of Business and
    Should Be Sold Subject to Approval of the Court Pursuant to 11 U.S.C. § 363(b)

Debtor's proposed sale of the Bulk Acai is not in the ordinary course of business. *In re Dant & Russell, Inc.*, 853 F.2d 700 (9th Cir. 1988) sets forth "horizonal" and "vertical" dimension tests to determine if Debtor's proposed sale of the Bulk Acai is in the ordinary course of business.

*In re Dant & Russell, Inc.* states, "If the business of the debtor is authorized to be operated under section 721, 1108, 1304, 1203, or 1204, of this title and unless the court orders otherwise, the trustee [or debtor-in-possession] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." (*In re Dant & Russell, Inc.*, 853 F.2d 700, 704 (9th Cir. 1988))

Thus, the dispositive question becomes, for our purposes, whether the sale of approximately 1,074 million kilograms (i.e., approximately 2.367 million pounds) of Bulk Acai for $2.43 per kilogram for a total purchase price of approximately $2,609,372 is in the ordinary course of the Debtors' business.

"In analyzing this question, neither the Bankruptcy Code nor the legislative history of section 363(c) offers guidance as to what constitutes "ordinary course of business;" however, courts interpreting the term have established guidelines which are helpful and persuasive here. (*In Re Waterfront Companies, Inc.*, 56 B.R. 31 (Bankr. D. Minn. 1985); *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr.S.D.N.Y.1986), rev'd on other grounds, 801 F.2d 60 (2d Cir.1986)). Two tests emerge to aid in assessing whether hiring an employee is in the ordinary course of business: (1) the horizontal dimension test and

CREDITOR AMAFRUITS, LLC'S PRELIMINARY OBJECTION TO NOTICE OF INTENDED (1) ORDINARY
COURSE SALE OF ORGANIC ACAI TO PETRUZ FRUITY LLC AND (2) DISTRIBUTION OF SALE
PROCEEDS AND REQUEST FOR HEARING; DECLARATION OF BRANDON HOVEY AND MARSHALL
SNARR IN SUPPORT THEREOF

(2) the vertical dimension or creditor's expectation test." (*In re Dant & Russell, Inc.*, at 704).

"The horizontal dimension test was first articulated in *Waterfront*, 56 B.R. at 34-35, and may be described as involving an industry-wide perspective in which the debtor's business is compared to other like businesses. In this comparison, the test is whether the postpetition transaction is of a type that other similar businesses would engage in as ordinary business. *In Re Waterfront Companies, Inc.*, 56 B.R. 31, 34 (Bankr. D. Minn. 1985); see also *In Re Johns-Manville Corp.*, 60 B.R. 612, 618 (Bankr. S.D.N.Y. 1986). The horizontal dimension test comports with the construction of the term in other code sections, namely that a transaction occurs in the debtor-in-possession's ordinary course of business when there is a showing that the transaction is the sort occurring in the day-to-day operation of debtor's business. *Johns-Manville*, 60 B.R. at 618. "[T]his showing is required merely to assure that neither the debtor nor the creditor [did] anything abnormal to gain an advantage over other creditors[;] an extensive showing that such transactions occurred often, or even regularly, is not necessary. The transaction need not have been common; it need only be ordinary. A transaction can be ordinary and still occur only occasionally." *Id.* (emphasis omitted) (quoting *In re Economy Milling Co., Inc.,* 37 B.R. 914, 922 (D.S.C.1983)) (interpreting use of the term in 11 U.S.C. Sec. 547(c)(2) (1982))." (*In re Dant & Russell, Inc.*, at 704).

Debtors' own disclosures indicate that "the Debtors have supplied plant-based products to leading retailers in the United States, with signature products such as ready-to-cook bowls, zucchini spirals, riced cauliflower, acai and smoothie bowls, cauliflower crust pizza, wood fire crusted pizza, handheld burritos, bars and quesadillas. The Debtors' products are available in all 50 states both in private label and through their "Tattooed Chef™" brand mainly in the frozen food section of retail food stores." (See Application of Debtors and Debtors in Possession to Employ Levene, Neale, Bender, Yoo & Golubchik

CREDITOR AMAFRUITS, LLC'S PRELIMINARY OBJECTION TO NOTICE OF INTENDED (1) ORDINARY COURSE SALE OF ORGANIC ACAI TO PETRUZ FRUITY LLC AND (2) DISTRIBUTION OF SALE PROCEEDS AND REQUEST FOR HEARING; DECLARATION OF BRANDON HOVEY AND MARSHALL SNARR IN SUPPORT THEREOF

1  L.L.P. as Bankruptcy Counsel, Docket no.: 55, Page 2, Lines 14-21).

2  Despite Ittella's contention that "prior to, and after, the petition date, the Debtors

3  have sold perishable goods when the Debtors were unable to use such goods in production

4  and/or risked such goods exceeding their expiration date...." (See Notice of Sale of Bulk

5  Acai, Page 2, Lines 19-21), Ittella is not selling left over perishable goods that have no

6  value, but is seeking to sell approximately 1,074 million kilograms (i.e., approximately

7  2.367 million pounds) of Bulk Acai for a total purchase price of approximately $2,609,372.

8  This is a significant amount of Bulk Acai, which will have a great impact on the Bankruptcy

9  estate and on people who buy and sell acai in the world market. Based on the Debtors' own

10  disclosures to the Bankruptcy Court, the Debtors' have historically been in the business of

11  selling frozen packaged foods to grocery stores and markets where the Debtors would

12  purchase bulk food products from manufacturers like Amafruits and Petruz, and sell frozen

13  foods to stores and markets. Debtors have not historically sold significant amounts of bulk

14  raw goods and have not historically sold products back to manufacturers and wholesalers

15  of raw goods.

16

17  "The vertical dimension, or creditor's expectation test, views the disputed

18  transaction "from the vantage point of a hypothetical creditor and inquires whether the

19  transaction subjects a creditor to economic risks of a nature different from those he

20  accepted when he decided to extend credit." *Johns-Manville*, 60 B.R. at 616. This test

21  was first articulated in *In re James A. Phillips, Inc.*, 29 B.R. at 394. The district court

22  there noted:

23  "[t]he touchstone of "ordinariness" is ... the interested parties' reasonable

24  expectations of what transactions the debtor in possession is likely to enter in the course

25  of its business. So long as the transactions conducted are consistent with these

26  expectations, creditors have no right to notice and hearing, because their objections to

27

28

CREDITOR AMAFRUITS, LLC'S PRELIMINARY OBJECTION TO NOTICE OF INTENDED (1) ORDINARY
COURSE SALE OF ORGANIC ACAI TO PETRUZ FRUITY LLC AND (2) DISTRIBUTION OF SALE
PROCEEDS AND REQUEST FOR HEARING; DECLARATION OF BRANDON HOVEY AND MARSHALL
SNARR IN SUPPORT THEREOF

such transactions are likely to relate to the bankrupt's Chapter 11 status, not the particular transactions themselves. *Id.* at 394-95" (*In re Dant & Russell, Inc.*, at 704 - 705).

"The creditor's expectation test was reformulated as the vertical dimension test in *Waterfront*, 56 B.R. at 35. The district court noted that "[s]ome transactions either by their size, nature or both are not within the day-to-day operations of a business and are therefore extraordinary." *Id.* Here, the debtor-in-possession's prepetition business activities are compared to its postpetition transactions. *See In re DeLuca Distribution Co.,* 38 B.R. 588, 594 (Bankr.N.D.Ohio 1984) (finding that it was in the debtor's ordinary course of business to enter into new, postpetition collective bargaining agreement where it had done so prepetition); *see also In re County Line Homes, Inc.,* 43 B.R. 440, 442 (E.D.Mo.1984) (finding that because debtor's prepetition business included the sale of mobile homes, the debtor's postpetition sale of mobile homes was within debtor's ordinary course of business)." (*In re Dant & Russell, Inc.*, at 705).

The proposed sale of approximately 1,074 million kilograms (i.e., approximately 2.367 million pounds) of Bulk Acai for a total purchase price of approximately $2,609,372 is a significant amount of product. This type of sale is a market moving event in companies that sell bulk acai in the world marketplace. Further, given the large amount of potential proceeds available through Ittella's sale of the Bulk Acai, which will benefit the creditors of the estate, Ittella owes a fiduciary duty to the estate to try to maximize the price it can obtain for the sale of this Bulk Acai, especially since Amafruits and Makai are making a better offer to purchase the Bulk Acai.

Wherefore, Amafruits asks this Court make a determination as to whether the sale of the Bulk Acai is in the ordinary course of business for Ittella, and if not, to require Ittella to file a motion to sell the Bulk Acai pursuant to 11 U.S.C. 363(b), subject to overbid, to maximize the potential proceeds of any sale of the Bulk Acai.

CREDITOR AMAFRUITS, LLC'S PRELIMINARY OBJECTION TO NOTICE OF INTENDED (1) ORDINARY
COURSE SALE OF ORGANIC ACAI TO PETRUZ FRUITY LLC AND (2) DISTRIBUTION OF SALE
PROCEEDS AND REQUEST FOR HEARING; DECLARATION OF BRANDON HOVEY AND MARSHALL
SNARR IN SUPPORT THEREOF

2. <u>Amafruits and Makai Fruits Seek to Make a Superior Offer to Purchase the Bulk Acai from Ittella</u>

Ittella's Notice of Sale of Bulk Acai seeks to sell approximately 1,074 million kilograms (i.e., approximately 2.367 million pounds) of Bulk Acai for $2.43 per kilogram to Petruz Fruity LLC (the "<u>Petruz</u>") for a total purchase price of approximately $2,609,372. Pursuant to Ittella's Notice of Sale of Bulk Acai, Petruz is to pay one-third of the total purchase price one (1) business day after the Effective Date (as defined in the Notice of Sale of Bulk Acai), one-third within fourteen (14) days after the Effective Date, and one-third within forty-five (45) days after the Effective Date. Delivery of the goods is to be through a transfer of the Lineage Logistics account from Ittella to Petruz.

Amafruits and Makai Fruits offer to purchase the same approximate 1,074 million kilograms (i.e., approximately 2.367 million pounds) of Bulk Acai for $2.45 per kilogram for a total purchase price of approximately $2,630,852.35 (the "<u>Amafruits/Makai Fruits Offer</u>"). Amafruits/Makai Fruits will pay one-third of the total purchase price within one (1) business day after approval of the Amafruits/Makai Fruits Offer, one-third within fourteen (14) days after the approval the Amafruits/Makai Fruits Offer, and one-third within thirty (30) days after the approval of the Amafruits/Makai Fruits Offer.

Both Amafruits and Makai Fruits have accounts already set up with Lineage Logistics and can accept delivery of the Bulk Acai on the same terms as Petruz. Both Amafruits and Makai Fruits can provide proof of funds to the Debtor and the Court upon request. The Amafruits/Makai Fruits Offer is contingent upon: (1) Ittella's disclosure that all of the Bulk Acai is in pails, and not in cases or drums; (2) Ittella's disclosure of all brands and/or names on labels of all Bulk Acai; (3) Ittella's disclosure of all best buy and/or production dates of the Bulk Acai and that all of the Bulk Acai is less than thirteen (13) months old. The Amafruits/Makai Fruits Offer is in the best interest of the estate as the purchase price is high and the payment terms are shorter.

CREDITOR AMAFRUITS, LLC'S PRELIMINARY OBJECTION TO NOTICE OF INTENDED (1) ORDINARY
COURSE SALE OF ORGANIC ACAI TO PETRUZ FRUITY LLC AND (2) DISTRIBUTION OF SALE
PROCEEDS AND REQUEST FOR HEARING; DECLARATION OF BRANDON HOVEY AND MARSHALL
SNARR IN SUPPORT THEREOF

# IV.    **CONCLUSION**

WHEREFORE, Amafruits respectfully requests that:

(1) The Notice of Sale of Bulk Acai to be set for hearing;

(2) The Court make a determination as to whether the sale of the Bulk Acai is in the ordinary course of Ittella's business;

(3) The Court and Debtor consider the Amafruits/Makai Fruits Offer for the sale of the Bulk Acai;

(4) The Court set a schedule of dates and deadlines for Ittella, Amafruits, and all other interest parties to file further pleadings in support of their positions; and

(5) For any further relief deemed necessary and proper.


DATED: September 14, 2023         LAW OFFICES OF MICHAEL JAY BERGER


By: _____
        Michael Jay Berger
        Counsel for Creditor
        Amafruits LLC

CREDITOR AMAFRUITS, LLC'S PRELIMINARY OBJECTION TO NOTICE OF INTENDED (1) ORDINARY
COURSE SALE OF ORGANIC ACAI TO PETRUZ FRUITY LLC AND (2) DISTRIBUTION OF SALE
PROCEEDS AND REQUEST FOR HEARING; DECLARATIONS OF MICHAEL JAY BERGER, BRANDON
HOVEY AND MARSHALL SNARR IN SUPPORT THEREOF

## DECLARATION OF BRANDON HOVEY

I, Brandon Hovey, declare and state as follows:

1.      I am the principal of Amafruits, LLC ("Amafruits").

2.      Debtor Ittella International, LLC ("Ittella") seeks to sell 1,074 million kilograms (i.e., approximately 2.367 million pounds) of Bulk Acai for a total purchase price of approximately $2,609,372. Ittella is not seeking selling left over perishable goods that have no value. This is a significant amount of Bulk Acai, which will have a huge impact on the Bankruptcy estate and a huge impact as to people who buy and sell acai in the world market, such as companies like mine.

3.      This type of sale is a market moving event in companies that sell bulk acai in the world marketplace.

4.      My company Amafruits has joined with Marshall Snarr Consulting LLC dba Makai Fruits ("Makai Fruits") to offer to purchase the same approximate 1,074 million kilograms (i.e., approximately 2.367 million pounds) of Bulk Acai for $2.45 per kilogram for a total purchase price of approximately $2,630,852.35 (the "Amafruits/Makai Fruits Offer").  Amafruits/Makai Fruits will pay one-third of the total purchase price within one (1) business day after approval of the Amafruits/Makai Fruits Offer, one-third within fourteen (14) days after the approval the Amafruits/Makai Fruits Offer, and one-third within thirty (30) days after the approval of the Amafruits/Makai Fruits Offer.

5.      Both Amafruits and Makai Fruits have accounts already set up with Lineage Logistics and can accept delivery of the Bulk Acai on the same terms as Petruz. Both Amafruits and Makai Fruits can provide proof of funds to the Debtor and the Court upon request.

6.      The Amafruits/Makai Fruits Offer is contingent upon: (1) Ittella's disclosure that all of the Bulk Acai is in pails, and not in cases or drums; (2) Ittella's disclosure of all brands and/or names on labels of all Bulk Acai; and (3) Ittella's

CREDITOR AMAFRUITS, LLC'S PRELIMINARY OBJECTION TO NOTICE OF INTENDED (1) ORDINARY COURSE SALE OF ORGANIC ACAI TO PETRUZ FRUITY LLC AND (2) DISTRIBUTION OF SALE PROCEEDS AND REQUEST FOR HEARING; DECLARATION OF BRANDON HOVEY AND MARSHALL SNARR IN SUPPORT THEREOF

1  disclosure of all best buy and/or production dates of the Bulk Acai and that all of the

2  Bulk Acai is less than thirteen (13) months old.

3      7.      The Amafruits/Makai Fruits Offer is in the best interest of the estate as the

4  purchase price is high and the payment terms are shorter.

5      I declare under penalty of perjury that the foregoing is true and correct and that

6  this declaration is executed on September 14, 2023 at *Mokena , Illinois* .

7

8                                    Brandon Hovey

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CREDITOR MARIA INGA'S OPPOSITION TO DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C. §
522(F); DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

### DECLARATION MARSHALL SNARR

I, Marshall Snarr, declare and state as follows:

1.      I am the principal of Marshall Snarr Consulting LLC dba Makai Fruits ("Makai Fruits").

2.      My company Marshall Snarr Consulting LLC dba Makai Fruits ("Makai Fruits") and joined with Amafruits LLC ("Amafruits") to offer to purchase the same approximate 1,074 million kilograms (i.e., approximately 2.367 million pounds) of Bulk Acai for $2.45 per kilogram for a total purchase price of approximately $2,630,852.35 (the "Amafruits/Makai Fruits Offer"). Amafruits/Makai Fruits will pay one-third of the total purchase price within one (1) business day after approval of the Amafruits/Makai Fruits Offer, one-third within fourteen (14) days after the approval the Amafruits/Makai Fruits Offer, and one-third within thirty (30) days after the approval of the Amafruits/Makai Fruits Offer.

3.      Both Amafruits and Makai Fruits have accounts already set up with Lineage Logistics and can accept delivery of the Bulk Acai on the same terms as Petruz. Both Amafruits and Makai Fruits can provide proof of funds to the Debtor and the Court upon request.

4.      The Amafruits/Makai Fruits Offer is contingent upon: (1) Ittella's disclosure that all of the Bulk Acai is in pails, and not in cases or drums; (2) Ittella's disclosure of all brands and/or names on labels of all Bulk Acai; and (3) Ittella's disclosure of all best buy and/or production dates of the Bulk Acai and that all of the Bulk Acai is less than thirteen (13) months old.

5.      The Amafruits/Makai Fruits Offer is in the best interest of the estate as the purchase price is high and the payment terms are shorter.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on September 14, 2023 at Southlake, TX.

Marshall Snarr

13

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **CREDITOR AMAFRUITS, LLC'S PRELIMINARY OBJECTION TO NOTICE OF INTENDED (1) ORDINARY COURSE SALE OF ORGANIC ACAI TO PETRUZ FRUITY LLC AND (2) DISTRIBUTION OF SALE PROCEEDS AND REQUEST FOR HEARING; DECLARATION OF BRANDON HOVEY AND MARSHALL SNARR IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/14/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 9/14/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Debtor:
Ittella International LLC
6305 Alondra Blvd.,
Paramount, CA 90723

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Victoria S. Kaufman
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/14/2023 | Peter Garza | /s/Peter Garza |
|-----------|-------------|----------------|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF**

Mark A Amendola    mamendola@martynlawfirm.com
Todd M Arnold    tma@lnbyg.com
Marshall J August    maugust@frandzel.com, rsantamaria@frandzel.com
Tanya Behnam    tbehnam@polsinelli.com,
tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
Michael Jay Berger    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Daren Brinkman    firm@brinkmanlaw.com, 7764052420@filings.docketbird.com
Robert Carrasco    rmc@lnbyg.com, rmc@lnbyg.com
Andrew Michael Cummings    andrew.cummings@hklaw.com,
philip.dobbs@hklaw.com;hapi@hklaw.com;reena.kaur@hklaw.com
Abram Feuerstein    abram.s.feuerstein@usdoj.gov
John-Patrick M Fritz    jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
Bernard R Given    bgiven@loeb.com, mortiz@loeb.com;ladocket@loeb.com;bgiven@ecf.courtdrive.com
Michael J Gomez    mgomez@frandzel.com, dmoore@frandzel.com
Michael I. Gottfried    mgottfried@elkinskalt.com,
cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
Everett L Green    everett.l.green@usdoj.gov
David S Hagen    davidhagenlaw@gmail.com
Mark S Horoupian    mark.horoupian@gmlaw.com,
mhoroupian@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com;karen.files@gmlaw.com
Jacqueline L James    jjames@hrhlaw.com
K Kenneth Kotler    kotler@kenkotler.com, linda@kenkotler.com
Jeffrey A Krieger    jkrieger@ggfirm.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
Aaron J Malo    amalo@sheppardmullin.com, clopez@sheppardmullin.com;abilly@sheppardmullin.com
Ron Maroko    ron.maroko@usdoj.gov
Kyle J Mathews    kmathews@sheppardmullin.com
Daniel J McCarthy    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com
William McCormick    Bill.McCormick@ag.tn.gov
David W. Meadows    david@davidwmeadowslaw.com
Angela Z Miller    amiller@phillipslytle.com, styrone@phillipslytle.com
John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
Tania M Moyron    tania.moyron@dentons.com,
rebecca.wicks@dentons.com;kathryn.howard@dentons.com;derry.kalve@dentons.com;glenda.spratt@dentons.
com;DOCKET.GENERAL.LIT.LOS@dentons.com
Alan I Nahmias    anahmias@mbn.law, jdale@mbn.law
David L. Neale    dln@lnbyg.com
Matthew D. Resnik    Matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.c
om;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
Edward Rubacha    er@jhkmlaw.com, docket@jhc.law;am@jhc.law
Susan K Seflin    sseflin@bg.law

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

Paul R Shankman    PShankman@fortislaw.com, info@fortislaw.com
Amitkumar Sharma    amit.sharma@aisinfo.com
David Samuel Shevitz    david@shevitzlawfirm.com,
shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
Ronald P Slates    rslates2@rslateslaw.com, scannavan@rslateslaw.com;slatesecf@rslateslaw.com
Lindsey L Smith    lls@lnbyg.com, lls@ecf.inforuptcy.com
Randy S Snyder    rsnyder@rsslegal.com
Alan G Tippie    Alan.Tippie@gmlaw.com,
atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com
m
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Glenn S Walter    gwalter@honigman.com
Gerrick Warrington    gwarrington@frandzel.com, achase@frandzel.com
Roye Zur    rzur@elkinskalt.com,
cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**