MANATT, PHELPS & PHILLIPS, LLP
SCHUYLER G. CARROLL (Admitted pro hac vice)
SCarroll@manatt.com
7 Times Square New York, NY 10036
Tel: (212) 790-4500

JACOB E. ITZKOWITZ (SBN 304728)
JItzkowitz@manatt.com
2049 Century Park East, Ste. 1700
Los Angeles, CA 90067
Tel: (310) 312-4291

ASK LLP
KARA E. CASTEEL (Admitted *pro hac vice*)
kcasteel@askllp.com
GARY D. UNDERDAHL (Admitted *pro hac vice*)
gunderdahl@askllp.com
2600 Eagan Woods Drive
Suite 400, St. Paul, MN 55121
Tel: (651) 406-9665 / Fax: (651) 406-9676

Counsel to PETER HURWITZ, Liquidating Trustee

**FILED & ENTERED**

AUG 21 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| ☐ ITTELLA INTERNATIONAL LLC, a California limited liability company;<br>☐ ITTELLA'S CHEF, LLC, a California limited lability company;<br>☐ TATTOOED CHEF, INC., a Delaware corporation;<br>☐ MYJOJO, INC., a Delaware corporation;<br>☐ NEW MEXICO FOOD DISTRIBUTORS, INC., a New Mexico corporation;<br>☐ KARSTEN TORTILLA FACTORY, LLC, a New Mexico limited liability company;<br>☐ BCI ACQUISITION, INC., a Delaware corporation;<br>☐ TTCF-NM HOLDINGS INC., a New Mexico corporation,<br>☒ All Debtors<br><br>Debtors and Debtors-in-Possession.<br><br>Peter Hurwitz, as Liquidating Trustee of the Ittella Liquidating Trust, | Lead Case No. 2:23-bk-14154-WB<br><br>Jointly administered with Case Nos.: 2:23-bk-14161-WB; 2:23-bk-14159 WB; 2:23-bk-14157-WB; 2:23-bk-14156-WB; 2- 23-bk-14158-WB; 2:23-bk-14155-WB; and 2:23- bk-14160-WB<br><br>Chapter 11 Cases<br><br>Hon. Julia W. Brand<br><br>**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547, 548 AND 550 OF THE BANKRUPTCY CODE** |

1

|  |  |
|---|---|
| Plaintiff,<br>v.<br>Defendants Listed on Exhibit 1,<br>Defendants. | Date: August 12, 2025<br>Time: 2:00 PM PT<br>Place: Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Str., Courtroom 1375<br>Los Angeles, CA 90012<br><br>**Adv. No. See Exhibit 1** |

Upon the *Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Plaintiff Pursuant to Sections 502, 547, 548, 549 and 550 of the Bankruptcy Code,* (the "Motion"),[1] filed by Peter Hurwitz, as Liquidating Trustee (the "Plaintiff" or "Trustee") of the Ittella Liquidating Trust, by and through his counsel, for entry of a procedures order establishing streamlined procedures governing all adversary proceedings brought by Plaintiff under sections 502, 547, 548, 549 and 550 of the Bankruptcy Code, which are identified in **Exhibit 1** attached hereto (each an "Avoidance Action," collectively, the "Avoidance Actions"); and this Court having jurisdiction to consider and determine the Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and any objections raised and heard at a hearing at which all parties were permitted to present their arguments and contentions; and it appearing that the relief requested by the Motion is necessary and in the best interests of the parties; and due notice of the P Motion having been provided; and it appearing that no other or further notice of the Motion need be provided; and sufficient cause appearing therefore,

IT IS ORDERED:

1. The Motion is GRANTED as provided herein. It is further

2. ORDERED that all parties to the Avoidance Actions filed by ASK LLP shall be governed by the procedures attached hereto as **Exhibit 2** (the "Avoidance Action Procedures") and incorporated herein by reference, which Avoidance Action Procedures are hereby approved and shall govern the Avoidance Actions, effective as of the date of this Order.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

2

3. The time periods set forth in this Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

5. This Order shall be effective immediately upon its entry.

6. ***The first omnibus status conference will be held on January 13, 2026 at 2:00 p.m. A status report must be filed at least fourteen days prior to the status conference.***

### ###

Date: August 21, 2025

*Julia W Brand*
Julia W. Brand
United States Bankruptcy Judge

3

| Defendant Name | Adversary No. |
|---|---|
| AA Temperature Controlled LLC dba A&A Express | 2:25-ap-01231 |
| Acuity Specialty Products, Inc. dba AFCO US | 2:25-ap-01250 |
| Ajinomoto Health & Nutrition North America,Inc. fdba Ajinomoto North America, Inc. | 2:25-ap-01252 |
| Alliance Shippers, Inc. | 2:25-ap-01253 |
| Amafruits LLC | 2:25-ap-01254 |
| American Express Corporation | 2:25-ap-01224 |
| American Nuts, LLC | 2:25-ap-01255 |
| Anderson Global Group, LLC fdba Advanced Ingredients Inc. | 2:25-ap-01256 |
| Archer-Daniels-Midland Company dba ADM | 2:25-ap-01258 |
| Ariza Global Foods, Inc. | 2:25-ap-01260 |
| Balchem Corporation | 2:25-ap-01262 |
| Bloomer Chocolate Company | 2:25-ap-01264 |
| C.H. Robinson International, Inc. | 2:25-ap-01265 |
| CA Trucking Transportation LLC | 2:25-ap-01266 |
| Choptank Transport, LLC | 2:25-ap-01267 |
| Ciuti International, Inc. | 2:25-ap-01268 |
| Club Business Concepts, LLC dba CBC | 2:25-ap-01226 |
| CORPTEMPS, LLC | 2:25-ap-01269 |
| Custom Packing & Inspecting, Inc. | 2:25-ap-01270 |
| Delta Protein International, Inc. | 2:25-ap-01271 |
| Denver Cold Storage, Inc. | 2:25-ap-01227 |
| Egan Food Technologies, LLC | 2:25-ap-01273 |
| Elston-Nationwide Corp. dba Elston Nationwide Carriers | 2:25-ap-01274 |
| Gillco Products, LLC dba Gillco Ingredients | 2:25-ap-01275 |
| Glanbia Nutritionals Services, LLC | 2:25-ap-01276 |
| GMS Industries, Inc. | 2:25-ap-01277 |
| Golden Peanut Company, LLC | 2:25-ap-01278 |
| Grain Millers Canada Corp. | 2:25-ap-01280 |
| Grateful Egg, LLC | 2:25-ap-01228 |
| Green Wave Ingredients, Inc. dba Ingredients Online | 2:25-ap-01281 |
| Industrial Formulators, Inc. dba IFI | 2:25-ap-01229 |
| Inner-Cool Corp. dba Inner-Cool Refrigeration | 2:25-ap-01230 |
| Interglobo USA Inc. | 2:25-ap-01232 |
| JEP Mason Enterprise, LLC | 2:25-ap-01233 |
| L. E. Coppersmith, LLC dba Coppersmith Logistics | 2:25-ap-01282 |
| Lineage Logistics, LLC | 2:25-ap-01283 |
| M.A. & Sons, Inc. dba M.A. & Sons Chile | 2:25-ap-01284 |
| Messer LLC | 2:25-ap-01285 |

| | |
|---|---|
| Mezzoni Foods, Inc. | 2:25-ap-01286 |
| Milk Specialties Company dba Milk Specialties Global | 2:25-ap-01287 |
| Molo Solutions, LLC dba Arcbest Logistics | 2:25-ap-01234 |
| Net At Work NYUS LLC | 2:25-ap-01235 |
| Neway Packaging Corp. | 2:25-ap-01236 |
| Oracle America, Inc. | 2:25-ap-01288 |
| Pearson Sales Company | 2:25-ap-01289 |
| PECO Pallet, Inc. | 2:25-ap-01290 |
| Penhurst Realty LLC | 2:25-ap-01291 |
| Prova Inc. | 2:25-ap-01292 |
| Prudential Overall Supply, Inc. | 2:25-ap-01293 |
| Public Service Company of New Mexico dba PNM Electric | 2:25-ap-01294 |
| Quadra Chemicals Inc. | 2:25-ap-01295 |
| R.W. Chavez, Inc. dba Stixon Label | 2:25-ap-01296 |
| Red V Foods Corp. | 2:25-ap-01297 |
| Rich Products Corporation | 2:25-ap-01298 |
| RLS Logistics | 2:25-ap-01299 |
| Robert Peach dba Sunrise Packaging Films | 2:25-ap-01221 |
| Scenic Fruit Company, LLC | 2:25-ap-01300 |
| Seenergy Foods Limited | 2:25-ap-01240 |
| Service American Indemnity Company | 2:25-ap-01237 |
| Solae LLC | 2:25-ap-01241 |
| Sonsray Rentals and Leasing, Inc. | 2:25-ap-01238 |
| Soup Bases Loaded, Inc. | 2:25-ap-01242 |
| Stir Foods, LLC | 2:25-ap-01243 |
| Sysco Los Angeles, Inc. dba Sysco Foods | 2:25-ap-01244 |
| Talamo Food Service, Inc. | 2:25-ap-01245 |
| Tepachi Trucking LLC | 2:25-ap-01246 |
| The Coconut Cooperative LLC | 2:25-ap-01247 |
| The Langlois Company | 2:25-ap-01248 |
| The Platinum Packaging Group, Inc. | 2:25-ap-01249 |
| The Tortilla Building, LLC | 2:25-ap-01239 |
| Total Quality Logistics, LLC | 2:25-ap-01251 |
| Tradin Organics USA LLC | 2:25-ap-01222 |
| Tuscany Cheese LLC | 2:25-ap-01257 |
| Veritiv Operating Company | 2:25-ap-01259 |
| Vestis Services, LLC fdba Aramark Uniform & Career Apparel, LLC | 2:25-ap-01261 |
| Whole Foods Market, Inc. | 2:25-ap-01263 |

**Exhibit 1**
**CASE LIST**

| Defendant Name | Adversary No. |
|---|---|
| AA Temperature Controlled LLC dba A&A Express | 2:25-ap-01231 |
| Acuity Specialty Products, Inc. dba AFCO US | 2:25-ap-01250 |
| Ajinomoto Health & Nutrition North America, Inc. fdba Ajinomoto North America, Inc. | 2:25-ap-01252 |
| Alliance Shippers, Inc. | 2:25-ap-01253 |
| Amafruits LLC | 2:25-ap-01254 |
| American Express Corporation | 2:25-ap-01224 |
| American Nuts, LLC | 2:25-ap-01255 |
| Anderson Global Group, LLC fdba Advanced Ingredients Inc. | 2:25-ap-01256 |
| Archer-Daniels-Midland Company dba ADM | 2:25-ap-01258 |
| Ariza Global Foods, Inc. | 2:25-ap-01260 |
| Balchem Corporation | 2:25-ap-01262 |
| Bloomer Chocolate Company | 2:25-ap-01264 |
| C.H. Robinson International, Inc. | 2:25-ap-01265 |
| CA Trucking Transportation LLC | 2:25-ap-01266 |
| Choptank Transport, LLC | 2:25-ap-01267 |
| Ciuti International, Inc. | 2:25-ap-01268 |
| Club Business Concepts, LLC dba CBC | 2:25-ap-01226 |
| CORPTEMPS, LLC | 2:25-ap-01269 |
| Custom Packing & Inspecting, Inc. | 2:25-ap-01270 |
| Delta Protein International, Inc. | 2:25-ap-01271 |
| Denver Cold Storage, Inc. | 2:25-ap-01227 |
| Egan Food Technologies, LLC | 2:25-ap-01273 |
| Elston-Nationwide Corp. dba Elston Nationwide Carriers | 2:25-ap-01274 |
| Gillco Products, LLC dba Gillco Ingredients | 2:25-ap-01275 |
| Glanbia Nutritionals Services, LLC | 2:25-ap-01276 |
| GMS Industries, Inc. | 2:25-ap-01277 |
| Golden Peanut Company, LLC | 2:25-ap-01278 |
| Grain Millers Canada Corp. | 2:25-ap-01280 |
| Grateful Egg, LLC | 2:25-ap-01228 |
| Green Wave Ingredients, Inc. dba Ingredients Online | 2:25-ap-01281 |
| Industrial Formulators, Inc. dba IFI | 2:25-ap-01229 |
| Inner-Cool Corp. dba Inner-Cool Refrigeration | 2:25-ap-01230 |
| Interglobo USA Inc. | 2:25-ap-01232 |
| JEP Mason Enterprise, LLC | 2:25-ap-01233 |
| L. E. Coppersmith, LLC dba Coppersmith Logistics | 2:25-ap-01282 |
| Lineage Logistics, LLC | 2:25-ap-01283 |
| M.A. & Sons, Inc. dba M.A. & Sons Chile | 2:25-ap-01284 |

| | | |
|---|---|---|
| 1 | Messer LLC | 2:25-ap-01285 |
| 2 | Mezzoni Foods, Inc. | 2:25-ap-01286 |
| | Milk Specialties Company dba Milk Specialties Global | 2:25-ap-01287 |
| 3 | Molo Solutions, LLC dba Arcbest Logistics | 2:25-ap-01234 |
| 4 | Net At Work NYUS LLC | 2:25-ap-01235 |
| | Neway Packaging Corp. | 2:25-ap-01236 |
| 5 | Oracle America, Inc. | 2:25-ap-01288 |
| 6 | Pearson Sales Company | 2:25-ap-01289 |
| | PECO Pallet, Inc. | 2:25-ap-01290 |
| 7 | Penhurst Realty LLC | 2:25-ap-01291 |
| 8 | Prova Inc. | 2:25-ap-01292 |
| | Prudential Overall Supply, Inc. | 2:25-ap-01293 |
| 9 | Public Service Company of New Mexico dba PNM Electric | 2:25-ap-01294 |
| 10 | Quadra Chemicals Inc. | 2:25-ap-01295 |
| | R.W. Chavez, Inc. dba Stixon Label | 2:25-ap-01296 |
| 11 | Red V Foods Corp. | 2:25-ap-01297 |
| 12 | Rich Products Corporation | 2:25-ap-01298 |
| | RLS Logistics | 2:25-ap-01299 |
| 13 | Robert Peach dba Sunrise Packaging Films | 2:25-ap-01221 |
| 14 | Scenic Fruit Company, LLC | 2:25-ap-01300 |
| | Seenergy Foods Limited | 2:25-ap-01240 |
| 15 | Service American Indemnity Company | 2:25-ap-01237 |
| 16 | Solae LLC | 2:25-ap-01241 |
| | Sonsray Rentals and Leasing, Inc. | 2:25-ap-01238 |
| 17 | Soup Bases Loaded, Inc. | 2:25-ap-01242 |
| 18 | Stir Foods, LLC | 2:25-ap-01243 |
| | Sysco Los Angeles, Inc. dba Sysco Foods | 2:25-ap-01244 |
| 19 | Talamo Food Service, Inc. | 2:25-ap-01245 |
| 20 | Tepachi Trucking LLC | 2:25-ap-01246 |
| | The Coconut Cooperative LLC | 2:25-ap-01247 |
| 21 | The Langlois Company | 2:25-ap-01248 |
| 22 | The Platinum Packaging Group, Inc. | 2:25-ap-01249 |
| | The Tortilla Building, LLC | 2:25-ap-01239 |
| 23 | Total Quality Logistics, LLC | 2:25-ap-01251 |
| 24 | Tradin Organics USA LLC | 2:25-ap-01222 |
| | Tuscany Cheese LLC | 2:25-ap-01257 |
| 25 | Veritiv Operating Company | 2:25-ap-01259 |
| 26 | Vestis Services, LLC fdba Aramark Uniform & Career Apparel, LLC | 2:25-ap-01261 |
| 27 | Whole Foods Market, Inc. | 2:25-ap-01263 |

\* 76 Adversary Proceedings

## Exhibit 2

## AVOIDANCE ACTION PROCEDURES

A. **Effectiveness of the Procedures Order**

1. This Procedures Order approving the procedures Motion shall apply to all Defendants in the Avoidance Actions listed on **Exhibit 1** attached hereto.

2. The Procedures Order will not alter, affect or modify the rights of Defendants to seek a jury trial in or withdrawal of the reference of, Avoidance Actions or otherwise to move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an Avoidance Action under 28 U.S.C. § 157, and all such rights shall be preserved unless otherwise agreed to in a responsive pleading consistent with the Bankruptcy Rules and Local Bankruptcy Rules.

B. **Extensions to Answer or File Other Responsive Pleading to the Complaint**

3. The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons.

C. **Deferral of Requirement to Conduct Pretrial Conference**

4. Federal Rule of Civil Procedure 16, made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7016 (i.e., pretrial conferences), is hereby deferred and not immediately applicable with respect to the Avoidance Actions. Neither the Plaintiff nor any Defendant shall be required to appear at any initial pretrial conference, including any initial pretrial conference originally scheduled by the Court until after Mediation (in the event that the Avoidance Action is not resolved by Mediation).

D. **Waiver of Requirement to Conduct Scheduling Conference and Submit Joint Status Reports**

5. The mandatory meeting to be held by the parties pursuant to Federal Rule of Civil Procedure 26(f), as made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026, is waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f) and Local Bankruptcy Rule 7016-1, nor are they required to exchange initial disclosures and discovery by the deadline contained in the initial discovery order issued by the Court. Such meetings and reports shall be deferred until after Mediation (in the event that the Avoidance Action is not resolved by Mediation).

**E. Discovery, Mediation, and Dispositive Motion Schedule**

6. All discovery in each Avoidance Action is hereby stayed until the mediation process set forth below (the "Mediation Process") is concluded; provided that the stay of formal discovery shall in no way preclude, with respect to any Avoidance Action, the Plaintiff and applicable Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the Mediation Process.

7. Any open Avoidance Actions that have not been resolved and/or settled October 31, 2025 (the "Remaining Avoidance Actions"), shall be referred to mandatory mediation and the Mediation Process described in paragraphs 23-37.

8. Between October, 31, 2025, and November 14, 2025, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "Mediator," collectively, the "Mediators") (the "Mediator List") attached hereto as Exhibit 3, or as may be otherwise mutually agreed upon by the parties. Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of the Defendant's choice of Mediator by contacting: Laurie N. Miskowiec, in writing, via email at lmiskowiec@askllp.com or via letter correspondence addressed to ASK LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121. If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

9. Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to determine whether he/she has any conflicts with the Defendant(s) and, in the event of a conflict, may abstain from acting in the particular mediation. If the selected Mediator abstains, Defendant will be given another 15 days to select an alternate Mediator as described in paragraph 8 above.

10. Upon the selection of Mediators, Plaintiff, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiff the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the Mediator. Mediation will then be scheduled on a first-come, first-served basis.

11. Plaintiff will give at least 21 days' written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "Mediation Notice"), which notice shall be served on the applicable Defendant.

12. Within 14 calendar days after the conclusion of the mediation, the Mediator shall file a Certificate of Completion of Conference (the "Mediator's Report") pursuant

7

to the General Order in the Remaining Avoidance Action, which shall be limited to stating only a) compliance or non-compliance with the General Order and b) whether the Remaining Avoidance Action settled or did not settle.

13. The Mediation Process with respect to all of the Remaining Avoidance Actions must be concluded by March 31, 2026.

14. Any open Avoidance Actions shall be required to provide the disclosures required under Rule 7026(a)(1) (the "Initial Disclosures") on or before April 30, 2026. Unless otherwise agreed or ordered by the Court, the following dates and deadlines shall apply to the remaining Avoidance Actions.

15. All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the Mediator's Report is filed. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party concurrently with the deadline to provide Initial Disclosures or no later than April 30, 2026.

16. The parties to the Avoidance Actions shall have through and including August 31, 2026 to complete non-expert fact discovery, including depositions of fact witnesses.

17. Unless the parties agree to a broader scope of discovery, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to nonprivileged matters (i) that are properly discoverable under the Bankruptcy Rules and (ii) relate solely to the Avoidance Actions.

18. Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions.

19. Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, shall apply to the Avoidance Actions.

20. Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions.

21. Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) concerning any issue on which a party bears the burden of proof (not including any report by Plaintiff on insolvency) and (b) if Defendant intends to provide expert testimony regarding insolvency of the Debtors, such report, if any, shall be made to the Plaintiff on or before September 30, 2026.

22. Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) of the parties' rebuttal experts,

8

and (b) Plaintiff's report on the insolvency of the Debtors, if any, shall be made to the adverse party on or before October 31, 2026.

23. All expert discovery, including expert witness depositions, shall be concluded on or before December 15, 2026.

24. The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

25. All dispositive motions shall be filed and served by January 31, 2027. The Local Rules governing dispositive motions in adversary proceedings, including LBR 7056-1, shall apply.

**F. Mediation Procedures and Requirements**

26. Mediations shall take place in the Los Angeles metro area, except as otherwise agreed to by the parties or directed by the Mediator, including to hold mediations via video conference. In-person mediations shall be held at the law office of Plaintiff's counsel, the Mediator's office, or at another location agreed upon by the Mediator. The Court's General Order concerning mediation procedures shall govern the mediations, except as otherwise set forth herein. General Order 95-01 is available on the Court's website as Appendix III to the Local Bankruptcy Rules at: https://www.cacb.uscourts.gov/local-rules

27. All proceedings and writing incident to the mediation will be considered privileged and confidential and subject to all the protections of Federal Rule of Evidence 408, and shall not be reported or admitted in evidence for any reason except to prove that a party failed to comply with the Mediation Process set forth in these Procedures.

28. The Mediators shall be required to file disclosures prior to the scheduling of mediation.

29. The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. The mediation shall be attended in person by a representative of the Defendant with full settlement authority (and if a Defendant is represented by counsel, their counsel) as well as counsel for Plaintiff (who must have settlement authority from Plaintiff, or a Plaintiff representative shall appear as well), except that: the parties may by consent and with the Mediator's approval agree to appear by video conference, and further, that the Mediator, in his or her sole discretion, by request of one of the parties, may allow a party representative to appear via video while its counsel appears in person. Any such request must be made prior to ten (10) business days before the scheduled

mediation date, or Defendant is deemed to waive such request.. Should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear via video rather than in person, a party may apply to the Court, in advance of the mediation, by sending a letter outlining said issues to chambers. The Court may then schedule a conference call to address the issues.

30. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

31. The Mediator, in the Mediation Notice (by language provided to Plaintiff by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

32. The parties must participate in the scheduling of mediation and mediate in good faith. If the mediator feels that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the mediator may file a report with the Court. The Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the mediation. Sanctions may include, but are not limited to, attorney's fees and costs and fees of the Mediator.

33. The fees and costs of the Mediator (the "<u>Mediation Fee</u>") shall be paid equally by the parties on a fixed-fee schedule as set forth below. The parties shall pay one-fourth of the Mediation Fee as least seven (7) calendar days prior to the commencement of mediation (the "<u>Initial Mediation Fee</u>"). The remaining fee will be due and paid by the parties on the date of mediation, should the mediation go forward. If the parties settle prior to the mediation, the Mediator must be informed of the settlement prior to seven calendar days before the scheduled mediation or the Initial Mediation Fee is nonrefundable:

    i.    cases with a claim amount (as reflected in the complaint) of less than $100,000: $3,000.00 per case;

    ii.    cases with a claim amount (as reflected in the complaint) equal to or greater than $100,000 and less than $250,000: $4,000 per case;

    iii.    cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $1,000,000: $5,000 per case; and

    iv.    cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $6,000.00 per case.

34. Mediation that is continued for more than one calendar day will be continued on an hourly fee basis to be paid equally by the parties.

35. Defendants that have additional Avoidance Actions commenced against their affiliates in the bankruptcy cases may mediate all related Avoidance Actions at one time and, in such event, the Mediation Fee shall be based upon the combined total claim amount for all related Avoidance Actions.

36. Mediation statements shall be delivered to the Mediator 7 calendar days prior to the mediation. Unless otherwise directed by the Mediator, the mediation statements shall be shared with the opposing party, except that any party that has confidential information may share such confidential information solely with the Mediator. The Mediator will direct the parties as to further instructions regarding the mediation statements.

37. Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that Defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Procedures Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

38. No Mediator shall be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report unless the Mediator is otherwise ordered by the Court. However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with mediation procedures as required in the foregoing paragraphs of this Procedures Order.

39. All proceedings and writings incidental to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence.

**G. Miscellaneous**

40. Plaintiff shall schedule status hearings with the Court approximately every 120 days to keep the Court apprised of the status of the Avoidance Actions subject to the Procedures Order. Plaintiff shall file a Case Status Report on the open matters **7** days prior to the status hearing.

41. If, after all discovery has been completed in an Avoidance Action and mediation has concluded but was not successful, and any issues of fact or law remain after dispositive motions, if any, have been decided, the parties to the applicable Avoidance Action shall so inform the Court. At the next scheduled omnibus hearing or at such other date convenient to the Court, the Court will address additional issues arising subsequent to the Procedures Order, set additional deadlines, if necessary, establish a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

42. The Local Bankruptcy Rules shall apply, except that this Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with the Local Rules or other applicable rules and orders of the Court.

43. The deadlines and/or provisions contained in this Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation must be filed with the Court.